UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gregory Matthew. Cleveland, | ) | C/A No. 9:11-1335-TLW-BM |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | **Report and Recommendation** |
| United States of America, | ) | |
| Respondent. | ) | |

_____

## *Background of this Case*

Petitioner is a pre-trial detainee at the Spartanburg County Detention Facility in Spartanburg South Carolina. He is awaiting trial in the Court of General Sessions for Spartanburg County on charges of attempted murder, threatening a public employee, and possession of a weapon during a violent crime. Petitioner was arrested by officers of the Greer Police Department on March 2, 2011 (http://www.spartanburgcountyjail.org/x/jailrostera.xml [last visited on June 15, 2011]).

The Public Index for the Spartanburg County Clerk of Court's Office indicates that Petitioner has not yet been indicted on the various charges arising out of the incident on March 2, 2011 (http://192.146.148.40/publicindex/PICaseDetails.aspx?County=42+&Casenum=I582972&CourtType=G&CaseType=Criminal&CourtAgency=42001&LastName=Cleveland&FirstName=Gregory [last visited on June 15, 2011]). In the above-captioned action, Petitioner is seeking a writ of mandamus to direct the United States to indict him on federal criminal charges. Petitioner has



included a copy of an arrest warrant issued by the City of Greer Police Department (ECF No. 7), which indicates that Petitioner was initially charged with discharging a firearm within the city limits.

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). As the Petitioner is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even when considered under this less stringent standard, however, the undersigned finds and concludes that the pleading is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

"Mandamus is an extraordinary remedy whose issuance depends upon the discretion of the court considering the petition." *In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 593 (4th Cir. 1976). Our Court of Appeals has classified a writ of mandamus as a "wild-card remedy." *United States ex rel. Rahman v. Oncology Associates, P.C.*, 198 F.3d 502, 511 (4th Cir. 1999). To establish the conditions necessary for issuance of a writ of mandamus, the party seeking the writ



must demonstrate that (1) he or she has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he or she desires; and (5) the issuance of the writ will effect "right and justice" in the circumstances. *Id.*

Here, Petitioner does not have standing to seek a federal criminal prosecution of any person, including himself. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (*applying Linda R. S. v. Richard D.* and collecting cases). Further, although Petitioner indicates that he was a felon in possession of a firearm at the time of the incident on March 2, 2011, both state and federal criminal charges may arise from the same conduct. *See Rinaldi v. United States*, 434 U.S. 22, 28 (1977) ("dual sovereignty" doctrine); and *United States v. Woolfolk*, 399 F.3d 590, 595 (4th Cir. 2005) (collecting cases). In any event, the remedy of mandamus is not available to a litigant where a federal official has the discretion whether to act or not. *Inmates of Attica Correctional Facility v. Rockefeller*, 477 F.2d 375, 378-80 (2d Cir. 1973) (collecting cases).

The United States Court of Appeals for the Second Circuit commented: "More particularly, federal courts have traditionally and, to our knowledge, uniformly refrained from overturning at the instance of a private person, discretionary decisions of federal prosecuting authorities not to prosecute persons regarding whom a complaint of criminal conduct is made." *Inmates of Attica Correctional Facility v. Rockefeller*, 477 F.2d at 379. *See also In Re Ellerbee*, No. 02-6214, 42 Fed.Appx. 629, 2002 WL 1792110 (4th Cir. Aug. 6, 2002) (denying mandamus relief):



> Mandamus relief is warranted only when the petitioner has a clear right to the relief sought and there are no other means available for seeking that relief. *In re First Fed. Sav. & Loan Ass'n*, 860 F.2d 135, 138 (4th Cir. 1988). No citizen has an enforceable right to insist on the initiation of criminal proceedings. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973).

### *Recommendation*

Accordingly, it is recommended that the Petition for Writ of Mandamus be dismissed *without prejudice and without requiring Respondent to file an Answer or return*. Petitioner's attention is directed to the important notice on the next page.

_____

June 20, 2011               Bristow Marchant
Charleston, South Carolina  United States Magistrate Judge

4



**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).